**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**KEN LEE, INC., et al., Appellees.**

**No. 22943.**

United States Court of Appeals
Fifth Circuit.

Nov. 28, 1966.

Alan S. Rosenthal, Harvey L. Zuckman, Harold F. Reis, Attys., Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Attys., Atlanta, Ga., Barefoot Sanders and John W. Douglas, Asst. Attys. Gen., for appellant.

James C. Hoover, Frank A. Constangy, Fred W. Elarbee, Jr., Constangy & Prowell, Atlanta, Ga., for appellees.

Before BROWN, BELL, and DYER, Circuit Judges.

PER CURIAM.

The Secretary sought an order in the District Court requiring appellees to file a report allegedly due under Title II, §

203(a) (3) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 433(a) (3).[1] Jurisdiction was based on § 210 of that Act. 29 U.S.C.A. § 440. The subject matter of the report was to be a payment of ten dollars claimed to have been made by appellees Kenneth and LeNore Jackson, officers of Ken-Lee, Inc., to an employee in 1960 for surveillance activity. The circumstances surrounding the payment are set out in Ken-Lee, Inc. and International Ladies Garment Workers Union, 133 N. L. R. B. 1598 (1961), and in our enforcement of the order of the Board in that case, Ken-Lee, Inc. v. N. L. R. B., 5 Cir., 1963, 311 F.2d 608.

The payment in question has been denied by appellees since the inception of the unfair labor practice proceeding and throughout this proceeding. The Examiner in the unfair labor practice proceeding found that the payment was made. This finding was sustained by the Board and then affirmed by this court in the enforcement proceeding. *Ken-Lee, Inc.*, supra.

The Secretary first insisted that a report of the payment was due under the Act despite the denial. This would be tantamount to requiring the admission of perjury in the unfair labor practice proceeding, or the filing of a false statement under § 209(b) of the Act. 29 U.S. C.A. § 439(b). Cf. Wirtz v. National Welders Supply Company, Inc., W.D. N.C., 1966, 254 F.Supp. 62. However, the Secretary changed his position as the matter progressed in the District Court to the point of requesting that the District Court make findings to the effect that they had, in fact, hired a union spy and paid her ten dollars, and that they then file a report repeating these findings. On oral argument before us, this position was again modified to the contention that appellees could be required to file a report repeating findings of the Board in the unfair labor practice case enforced by this court.

One fact before the District Court was that the employee in question had filed a report in 1963 of the payment on the required form. The District Court granted summary judgment on the basis that the reporting requirements of the Act had been satisfied. This conclusion rested on the facts that the Secretary had all of the information sought by virtue of the reported decisions in the unfair labor practice proceeding, supra, and the report filed by the employee.

 We think, absent the circumstances of the denial of the payment by appellees, that the report would have been due. The intent of Congress as expressed in §§ 201, 202, 203, and 205 of the Act, 29 U.S.C.A. §§ 431, 432, 433, and 435, is that reports be made in every case of payment, both by the payor and payee, and that these reports be maintained in a central public record center. See Wirtz v. Fowler, 5 Cir., 1966, 372 F.2d 315 (Slip opinion dated October 19, 1966) Nevertheless, the judgment of the District Court may be affirmed for the reason that the Act does not contemplate a report in the form re-

---

1. 29 U.S.C.A. § 433(a) (3)

 "(a) Every employer who in any fiscal year made—

 \* \* \* \* \* \* \*

 "(3) any expenditure, during the fiscal year, where an object thereof, directly or indirectly, is to interfere with, restrain, or coerce employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing, or is to obtain information concerning ·the activities of employees or a labor organization in connection with a labor dispute involving such employer, except for use solely in conjunction with an admin-

 istrative or arbitral proceeding or a criminal or civil judicial proceeding;

 \* \* \* \* \* \* \*

 " \* \* \* shall file with the Secretary a report, in a form prescribed by him, \* \* \* showing in detail the date and amount of each such payment, loan, promise, agreement, or arrangement and the name, address, and position, if any, in any firm or labor organization of the person to whom it was made and a full explanation of the circumstances of all such payments, including the terms of any agreement or understanding pursuant to which they were made."

quested in this instance by the Secretary. He sought not a report of a payment, but a report of District Court findings, if made, or alternatively, the findings of the Board, that the payment was made. Such a report or requirement under the circumstances here is outside the scope of the Act.

Affirmed.